19297

Ex parte William D. LEEKE, Director, South Carolina Department of Corrections, Appellant. In re STATE, v. McKINLEY, of which The State of South Carolina is Respondent.

(184 S. E. (2d) 80)

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, and John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Appellant,* cite:

*Marion H. Kinon, Esq., Solicitor,* of Dillion, *for Respondent.*

October 7, 1971.

*Per Curiam:*

Upon conviction of robbery, the sixteen-year-old defendant was sentenced to eight years' imprisonment in the Department of Corrections. The director of that department refused to receive the defendant into custody, whereupon the sentencing court ordered the director to do so. The director has appealed from this order.

Section 55-50.30, Code of 1962 (Supp. 1970), prescribes the conditions under which juveniles below the age of seventeen may be committed to the custody of the Board of Juvenile Corrections or the Board of Juvenile Placement and Aftercare. The section further provides that "(n)o child under the age of seventeen years shall be committed or sentenced to any other penal or correctional institution of this State for a period exceeding thirty days."

The lower court declared this provision "arbitrary and irrational when applied to this defendant in light of the present unavailability of adequately secure correctional facilities within the Board of Juvenile Corrections"; the statutory provision was thereupon found to be "without binding effect upon the inherent sentencing power of this court."

The circuit court has no inherent authority to sentence those convicted of crime to the state penitentiary and may not do so without statutory authoriza-

tion. *State v. Hord,* 8 S. C. 84 (1876). Applicable statutory provisions with respect to the place of confinement are obligatory upon the sentencing court, 21 Am. Jur. (2d), Criminal Law, Sec. 593 (1965); 24B C. J. S. Criminal Law § 2000 (1962). The commitment of the sixteen-year-old defendant to the Department of Corrections was contrary to law.

Reversed. Let the defendant, Robert McKinley, be returned to the Court of General Sessions for Dillon County for the imposition of a lawful sentence.